**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Antonio Lamont Williams | ) | |
| | ) | Case No. 25 cv 50163 |
| *Plaintiff,* | ) | |
| | ) | Hon. Iain D. Johnston |
| vs. | ) | District Court Judge |
| | ) | |
| Rockford Police Officer Andrew Thompson | ) | |
| And Officer Andrew Kennington | ) | |
| | ) | |
| *Defendants.* | ) | |

**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants, Rockford Police Officers Andrew Thompson and Andrew Kennington, through their attorneys, City of Rockford Department of Law, for their Answer to Complaint states as follows:

1.      Defendants deny the allegations contained in Plaintiff's complaint.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**
**Qualified Immunity**

1.      Plaintiff has brought this action against the Defendants alleging that their actions were unreasonable under the Fourth Amendment, to wit: excessive force and failure to intervene.

2.      Plaintiff alleges that on November 14, 2024, the Defendant, Officer A. Kennington employed excessive force during the arrest of Plaintiff and Officer A. Thompson failed to intervene to prevent the excessive force.

3.      All actions taken by the Defendants were taken while acting in their official capacities as sworn officers of the City of Rockford Police Department.

1

4. In carrying out the complained of actions, which were within the scope of their official duties, the Defendants had no knowledge that said acts were illegal or unconstitutional, nor were said acts clearly violative of Plaintiff's rights at the time they were made.

5. Thus, the Defendants are entitled to qualified immunity from suit.

**Second Affirmative Defense**
**Statutory Justifiable Use of Force**

1. 720 *ILCS* 5/7-5, in material part, states the following:

**5/7-5. Statutory Justifiable Use of Force**

(a) A peace officer . . . need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. He is justified in the use of any force which he reasonably believes to be necessary to effect the arrest and of any force which he reasonably believes to be necessary to defend himself or another from bodily harm while making the arrest.

2. 720 *ILCS* 5/7-14, states as follows:

**5/7-14. Affirmative Defense**

A defense of justifiable use of force, or of exoneration, based on the provisions of this Article is an affirmative defense.

3. Plaintiff alleges that during his arrest, Defendant, Rockford Police Officer Andrew Kennington, made physical contact with the Plaintiff which may constitute a battery under Illinois law.

4. The physical contact that Plaintiff complains of, was used by Defendant, Rockford Police Officer Andrew Kennington, who is a peace officer, to effect the lawful arrest of Plaintiff.

5. Defendant, Rockford Police Officer Andrew Kennington, who is a peace officer, in good faith, reasonably believed any force he used to be necessary to effect a lawful arrest of the Plaintiff.

6. Thus, Defendant, Rockford Police Officer Andrew Kennington is not liable for any use of force against Plaintiff pursuant to statutory justifiable use of force under Illinois Law. 720 *ILCS* 5/7-5.

**Third Affirmative Defense**
**745 *ILCS* 10/2-202, Execution or enforcement of law**

1. 745 *ILCS* 10/2-202 states the following:

> **10/2-202. Execution or Enforcement of Law**
> A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct.

2. Plaintiff alleges that during his arrest, Defendant Rockford Police Officer Andrew Kennington, made physical contact against Plaintiff which may constitute a battery under Illinois law, and that Defendant Rockford Police Officer Andrew Thompson failed to intervene to prevent the use of the alleged excessive force .

3. The arrest and detention of an individual, reasonably suspected of having committed an offense constitutes "execution" or "enforcement" of the law for the purposes of immunity under section 2-202 of the Tort Immunity Act. 745 ILCS 10/2-202.

4. The Defendants were acting in execution and enforcement of the law at all times relevant to this lawsuit.

5. At no time relevant to this lawsuit did any Defendant commit acts or omissions that constitute willful and wanton conduct.

6. Thus, Defendants are not liable pursuant to statutory immunity from suit under 745 ILCS 10/2-202.

3

Dated: September 11, 2025

Rockford Police Officer Andrew Kennington and Andrew Thompson, **Defendants,**

Through their attorneys
City of Rockford Department of Law

By:     ***s/Erin C. Hannigan***
Erin C. Hannigan
Assistant City Attorney


***s/Matthew D. Flores***
Matthew D. Flores
Assistant City Attorney


City of Rockford Department of Law
425 E. State Street
Rockford, IL 61104
(779) 348-7154
Erin.Hannigan@rockfordil.gov
Matthew.Flores@rockfordil.gov