**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

Antonio Lamont Williams,

*Plaintiff(s),*

v.

Officer Kennington and Thompson,

*Defendant(s).*

Case No. 25-CV-50163

Magistrate Judge Margaret J. Schneider

**PARTIES' JOINT INITIAL STATUS REPORT AND
PROPOSED CASE MANAGEMENT ORDER**

The parties submit this joint initial status report and proposed case management order in advance of the initial status hearing set for October 23, 2025.

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on October 15, 2025 and was attended by:
Antonio Lamont Williams for Plaintiff(s) and
Erin C. Hannigan for Defendant(s).
The litigants affirm that they have carefully reviewed the policies and rules set forth in Judge Schneider's standing orders on the Court's website and understand they will be expected to fully explain any failure to comply with these procedures.

## I. Nature of the Case Including Legal Issues, Factual Issues, and Affirmative Defenses.

For claims by or against only some parties, identify which.

Officers stopped Plaintiff to execute an arrest warrant and for a potential tresspass offence. Plaintiff has alleged that the officers' efforts during the execution of the warrant violated Fourth Amendment standards. Plaintiff alleged that during the interaction Officer Kennington used excessive force and Officer Thompson failed in his duty to intervene.

Defendants have asserted the defenses of qualified immunity, statutory justifiable use of force, and execution or enforcement of law.

## II. Parties and Service.

Identify each individual plaintiff:

| |
|---|
| Antonio L. Williams |

Identify each individual defendant as well as any issues with service. If more space is needed, attach additional pages to the end of this report.

| Defendant: | Answer Due or Date Answered: |
|---|---|
| Officer Andrew Thompson<br>Date Served: July 16, 2025 | Filed: September 11, 2025 |
| Officer Andrew Kennington<br>Date Served: July 16, 2025 | Filed: September 11, 2025 |

List any potential party Defendant(s) may seek to add as a third-party defendant and the basis of their liability.

## III. **Identify any Parallel Cases** (including but not limited to possible MDL litigation, underlying criminal proceedings, or related litigation). The parties shall include the case number and the nature and status of the proceedings.

2024 CF 2877: People of the State of Illinois v. Antonio Williams; Aggravated Battery, Possession of a Controlled Substance, Criminal Trespass, and Resisting a Peace Officer ; Winnebago County

2024CF2901: People of the State of Illinois v. Antonio Williams; Armed Robbery, Armed Habitual Criminal, and Theft; Winnebago County

Matters are set for status on negotiation on November 20, 2025

**IV. Alternative Dispute Resolution.** Counsel hereby certify that their clients have read the Western Division Alternative Dispute Resolution Plan, that counsel have discussed with their respective clients the available dispute resolution options provided by the court and private entities, and that counsel have given an estimation of the fees and costs that would be associated with the litigation of this matter, through trial, to their clients. Further, counsel have provided their clients with an estimate of the fees and expenses reasonably expected to be incurred through early successful mediation. Counsel certify that they have discussed the available ADR options with their clients and have considered how this case might benefit from those options. Lastly, if this is a fee shifting case, defense counsel certify they have discussed the advantages and disadvantages of making a Fed. R. Civ. P. 68 offer of judgment. The failure to comply with these requirements will result in sanctions. *See* Fed. R. Civ. P. 16(c), (f). Please select at least one of the below options:

○ The parties have reviewed this Court's standing order on settlement conferences and anticipate seeking a settlement conference with the Magistrate Judge:

- ○ immediately
- ○ after initial disclosures
- ○ after fact discovery
- ○ after expert discovery.

○ The parties agree to private ADR. The mediator/arbitrator is ________________ and the mediation/arbitration is scheduled for ____________________.

◉ The parties request that this case be excused from ADR.

The parties shall detail below the status of settlement discussions and the potential for future settlement:

The parties have not engaged in settlement disucssions. Defendants believe that some discovery may be useful prior to engaging in settlement discussions.

**V. Discovery Plan.** The parties jointly propose to the Court the following discovery plan:

A) Discovery will be needed on the following subjects:

The facts and circumstances of the use of force during Plaintiff's arrest on November 14, 2024 and any injuries or treatment.

B) Fed. R. Civ. P. 26(a)(1) Disclosures will be exchanged by November 15, 2025. The Court requires full and proper Rule 26(a)(1) disclosures by all parties. Pro se incarcerated litigants are exempt (Fed. R. Civ. P. 26(a)(1)(B)).

C) Maximum of 25 interrogatories by each party to any other party.

D) Maximum of 25 requests for admission by each party to any other party.

E) Maximum of 4 depositions by Plaintiff(s) and 4 by Defendant(s).

F) Each deposition [other than of named parties] shall be limited to a maximum of 3 hours unless extended by agreement of the parties.

G) The deadline for the parties to: (1) file amended pleadings, add counts or parties, and file third-party complaints; or (2) file a motion for leave, when required by Fed. R. Civ. P. 13, 14, or 15, to amend pleadings, add counts or parties, and file third-party complaints is April 2, 2026 (should be no later than 60 days before the close of fact discovery).

H) Fed. R. Civ. P. 26(a)(2)(C) disclosures are due by April 17, 2026 (should be not later than 30 days before the close of fact discovery). Absent unusual circumstances, the Court considers treating physicians to be Rule 26(a)(2)(C) witnesses if opinion testimony will be elicited from the physicians.

I) Supplementations under Fed. R. Civ. P. 26(e) will be made in a timely manner, but no later than May 4, 2026 (should be no later than 30 days before the close of fact discovery).

J) Fact discovery cut-off is set for June 1, 2026.

K) The parties anticipate retained expert discovery on the following subjects:

None

Deadlines for retained expert discovery are reserved. The Court will address retained expert disclosures under Fed. R. Civ. P. 26(a)(2)(B) near the close of fact discovery, unless the parties express otherwise:

L) All dispositive motions are reserved. The Court will address dispositive motions near the close of fact discovery.

M) **Counsel may not stipulate to extend discovery matters,** including depositions, beyond dates already set in this case management order.

N) **These dates will not be amended absent a showing of good cause.** The parties understand that motions for extensions of time should be brought as soon as possible, but at a minimum before the cut-off date, and a party's failure to do so runs the serious risk that the motion will be denied.

**VI.** **Electronically Stored Information** that can reasonably be anticipated to be relevant to the litigation will be preserved. When balancing the cost, burden, and need for electronically stored information, the Court and the parties will apply the proportionality standards embodied in Fed. R. Civ. P. 26(b)(1) and (b)(2)(B), as well as consider the technological feasibility and realistic costs of preserving, retrieving, reviewing, and producing electronically stored information. The parties and the Court will discuss and consider any appropriate and reasonable technologies that might further the goals of Fed. R. Civ. P. 1. Counsel should review the helpful information found at www.ediscoverycouncil.com, including the 7th Circuit Council on eDiscovery and Digital Information Model Discovery Plan.

**VII. Claims of Privilege or of Protection.** The parties shall detail below any agreements reached for asserting claims of privilege or of protection as trial-preparation material after information is produced, including whether they seek entry of their agreement as an order under Federal Rule of Evidence 502(d). *See* Fed. R. Civ. P. 16(b)(3)(B)(iv) and 26(f).

| |
|---|
| |

Absent any specific agreement reached by the parties, the following provisions will apply:

1) The production of privileged or work-product protected documents, electronically stored information ("ESI") or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

2) Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or other information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

**VIII. Consent to the Magistrate Judge.**
(Must check one)

○ Consistent with Local Rule 73.1, all parties have appeared and consent to have the Magistrate Judge conduct all proceedings in this case, including trial, the entry of a final judgment, and all post-trial proceedings.

◉ Not all parties will consent to proceed before the Magistrate Judge.

Plaintiff(s):
Antonio L. Williams

Defendant(s):
Officer Andrew Thompson
Officer Andrew Kennington

Represented By:
Pro Se

Represented By:
Erin C. Hannigan
Assistant City Attorney

Antonio L Williams 10-15-25
Date

E. Hannigan 10-15-25
Date

Rev. 6/5/2025